### 12390.  JOHNSON *v.* THE STATE.

LUKE, J.  1. Upon the trial of the defendant for the offense of larceny from the house, and in charging upon the law of circumstantial evidence, it was not error for the court to charge the jury as follows: "In every criminal case the burden is on the State to prove the guilt of the accused beyond a reasonable doubt. In this case, where the State relies for a conviction on circumstantial evidence, the proven facts and circumstances must not only convince you beyond a reasonable doubt, but must be inconsistent with his innocence and be of that strength and character which removes from the minds of the jurors every reasonable hypothesis save that of his guilt."

2. As a part of the judge's charge upon the question of recent possession of stolen property, it was not error for the court to charge the jury as follows: "If he satisfactorily explains his possession, however, the jury will not consider the matter or question of possession. If he fails to make an explanation that is satisfactory to the jury, or fails to make any explanation to the jury, then the jury may consider recent possession of the property or any part of it, as a circumstance tending to identify him as the person entering said house, if you find it was

entered and the property stolen; but the circumstance of recent pos-
session alone, if found to exist, would not authorize a conviction of
the defendant. As stated, it is merely a circumstance to be considered
by you along with any and all others appearing in the proof, if any
so appears."

3. The charge of the court in this case was not subject to the criticisms
urged as to the several excerpts complained of. The evidence in the
case was sufficient to authorize the defendant's conviction, and the ver-
dict of the jury has the approval of the trial judge. It was not error
to overrule the motion for a new trial.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JUNE 14, 1921.

Indictment for larceny from house; from Lamar superior
court — Judge Searcy. March 30, 1921.

*John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error.

*E. M. Owen, solicitor-general,* contra.